UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BECKY C.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:22cv24 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2020.

2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of October 31, 2018 through her date last insured

2

of March 31, 2020 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: rheumatoid arthritis; fibromyalgia; deQuervain's tenosynovitis; osteoarthritis of the ankles and hips; and bipolar disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant could never reach overhead to the right; and frequently handle and finger items bilaterally. The claimant could never climb ladders, ropes or scaffolds but could occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The claimant could have no concentrated exposure to work at unprotected heights or around moving mechanical parts. The claimant was able to perform simple, routine tasks; and make simple work-related decisions. The claimant could have occasional, brief, and superficial contact with supervisors and coworkers.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 5, 1969 and was 49 years old, which is defined as a younger individual age 18-49, on the amended alleged onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 31, 2018, the amended alleged onset date, through March 31, 2020, the date last insured (20 CFR 404.1520(g)).

(Tr. 17-25).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on September 30, 2022.  On December 9, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on January 10, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

4

In support of remand, Plaintiff argues that the ALJ erred in his assessment of Plaintiff's impairments, which led to an improper RFC. Specifically, Plaintiff contends the ALJ erred in his Step Two finding that Plaintiff's chronic low back pain was not a severe impairment. Plaintiff claims that the ALJ failed to discuss Plaintiff's lower back pain and also failed to mention a March 2020 MRI of Plaintiff's lower back which revealed degenerative changes, multilevel lumbar spondylosis, and multilevel facet joint arthrosis. (Tr. 960).

The Seventh Circuit has noted that "the step two determination of severity is merely a threshold requirement." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). Thus, as long as the ALJ finds at least one severe impairment at step two, "any error of omission [is] harmless." *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). Here, the ALJ found Plaintiff had several severe impairments, including rheumatoid arthritis and fibromyalgia and assessed restrictions in the RFC to account for Plaintiff's complaints of pain. The ALJ provided discussion of the medical evidence during the relevant time period—between October 2018 and March 2020. Throughout treatment, Plaintiff's pain management physician, Donald Perrine, M.D, observed her to have a non-antalgic gait with full range of motion in her arms and legs (Tr. 20-21, citing Tr. 905, 911, 918, 924, 930, 936). In 2019 and early 2020, Plaintiff attended pain management appointments every one to two months, and the only abnormal finding on physical exam as it related to Plaintiff's lower back pain was tenderness to palpation along her spine (Tr. 905, 911, 918, 924, 930, 936, 942, 948, 954, 960). Rheumatologist Vinay Reddy, M.D., also observed tenderness in Plaintiff's lower back and some limited range of motion, but she had a normal gait at all appointments (Tr. 752, 770).

The ALJ also considered the prior administrative medical findings. A court "will affirm"

an ALJ's consideration of a medical opinion or prior administrative medical finding "if it is supported by substantial evidence." *Anders v. Saul*, 860 F. App'x 428, 432 (7th Cir. 2021). The ALJ need only "minimally articulate" his consideration of each opinion. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Here, expert reviewing physicians Joshua Eskonen, D.O., and J. Sands, M.D., reviewed the medical record in June and August 2020 (Tr. 70-73, 88-93). Both physicians found Plaintiff able to perform a limited range of light work, with postural, manipulative, and environmental limitations to account for her severe impairments. These physicians supported their findings with citations to the medical record, including to physical exams and objective imaging. The ALJ determined these findings were persuasive, as they were consistent with and supported by the record (Tr. 23). 20 C.F.R. § 404.1520c(b)(2). The ALJ then assessed an RFC with all of the recommended restrictions from these findings. Because both of these physicians reviewed the record after Plaintiff's date last insured, they had the benefit of reviewing the complete record. *Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004) ("The fact that these physicians reviewed the entire record strengthens the weight of their conclusions.").

The Commissioner notes that Plaintiff does not now point to any evidence that these physicians did not review, nor does she argue that the ALJ erred in her consideration of these findings. The Commissioner thus concludes that it was reasonable for the ALJ to determine that these findings were persuasive and to assess an RFC consistent with them. *Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (affirming an ALJ who gave great weight to reviewing medical assessments); *Flener*, 361 F.3d at 448 ("It is appropriate for an ALJ to rely on the opinions of physicians and psychologists who are also experts in social security disability evaluation.").

6

Plaintiff concedes that the ALJ discussed Plaintiff's complaints of back pain and the findings of tenderness along her spine. The ALJ noted Plaintiff's testimony regarding her back pain, and he cited to her subjective complaints to her providers as well as to their physical exams (Tr. 20-21). Additionally, both expert reviewing physicians considered the MRI that Plaintiff now argues merits remand, and they both found Plaintiff capable of performing work under the assessed RFC (Tr. 72, 92). By making an RFC assessment consistent with the expert reviewing physicians' findings, the ALJ accounted for any limitations indicated by the MRI. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (When the ALJ adopts physician opinions that consider a diagnosis, that diagnosis is "factored indirectly into the ALJ's decision."); *Hoyt v. Colvin*, 553 F. App'x 625, 628 (7th Cir. 2014) ("[T]he ALJ indirectly accounted for Hoyt's obesity by relying on the medical opinions of state-agency physicians who evaluated his height and weight.").

Furthermore, it is well-settled that "an ALJ doesn't need to address every piece of evidence, but he or she can't ignore a line of evidence supporting a finding of disability." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021). Here, the ALJ did not ignore any evidence. He deemed persuasive the findings of the expert reviewing physicians and issued a decision consistent with their conclusions. *Barrett v. Saul*, 822 F. App'x 493, 497 (7th Cir. 2020) (the ALJ did not engage in a selective reading of the evidence when he "credited the opinions of the reviewing consultants who reviewed these same records" and came to the same conclusion). Thus, there is no basis for remand.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: January 13, 2023.

<u>s/ William C.  Lee</u>
William C. Lee, Judge
United States District Court